No. 281

ARBUCKLE-RYAN CO. v. GIBSON

Ohio Appeals, 6th Dist., Lucas Co.

No. 1466. Decided Feb. 16, 1925

1255. WARRANTY—Where buyer relies upon seller's skill or judgment, and makes known, expressly or impliedly the particular purpose for which the goods are required, there is implied warranty that the goods will be reasonably fit for such purpose.

255. CHARGE TO JURY—Where the court, in speaking of the contract says "and then there are other things about it," without further explanation, it commits error.

YOUNG, J.

Frank Gibson and the Arbuckle-Ryan Co. entered into a written contract by which the company was to sell to Gibson, a traction engine, in consideration of machinery of Gibson's and $710 to be paid in installments as evidenced by three promissory notes. The traction engine was sent to Gibson, but he did not pay the first payment thereon. He was sued by the Company which recovered judgment. Said judgment was later vacated when Gibson filed an answer and cross-petition claiming that the Company had agreed to repair and rebuild said traction engine, so that he could use it for the purpose of threshing.

Gibson contended that there had been a failure to insert this condition into the contract, and the engine was, by mutual mistake, delivered to him in a condition not usable for the purpose required. Gibson avers that he has been ready at all times to return said traction engine and has demanded his notes. The Company replied that the condition was for a second-hand engine and nothing about repairing it for the purpose specified by Gibson was mentioned. The company alleged that just previous to the sale the engine was repaired. The Common Pleas judgment was for Gibson. Error was prosecuted and the Company assigned the following grounds as error:

1. Verdict was against weight of evidence.

2. Court erred in charge to jury.

3. Court erred in the admission of testimony.

4. In refusing to direct a verdict for company.

The court of appeals held:

1. The term "further warranty" in the contract means none other than that expressed therein or necessarily implied from its language, and should be construed in the light of 8395 GC, requiring that the goods shall be reasonably fit for the purpose intended.

2. Charge of the trial court was erroneous, as not being an explanation or interpretation to guide the jury in reaching a fair and reasonable conclusion.

3. Verdict is against the weight of evidence. Judgment reversed, and cause remanded.

Attorneys—Smith, Baker, Effler & Eastman, Toledo, for Company; Scott Stahl, Toledo and Homer Metzgar, Clyde, for Gibson.

---

No. 282

WAGGONER v. STATE

Ohio Appeals, 6th Dist., Lucas Co.

No. 1492. Decided Feb. 2, 1925

848. NON-SUPPORT OF CHILD—When paternity of child is denied, to prove such a defense, it must be shown that husband had no power of procreation, or there was impossiblity of access.

RICHARDS, J.

Vern Waggoner was convicted in common pleas for non-support of a child aged one month. The evidence disclosed that the parties were married in August, 1922. The child was born Oct. 1923; the mother testified that Waggoner is the father of the child.

Waggoner denies that he is the father and denies he had sexual intercourse with his wife in Jan. 1923, when she claimed the child was begotten. There was at that time an action for divorce pending between them, brought by the wife.

The State contends that when they separated Waggoner lived only two doors from his wife so that access was possible.

The Court of Appeals held:

1. A child born or begotten in lawful wedlock is presumed to be legitimate cannot be adjudged illegitimate unless it appears that the husband had no powers of procreation, or the circumstances were such as to render it impossible that he could be the father of the child. Powell v. State 84 OS 165.

2. On the ground of public policy, mere evidence of non access is not sufficient, and therefore the action of the court in ruling out evidence along that line is not prejudical error. Judgment of the lower court affirmed.

Attorneys—Ira R Cole for Waggoner; Roy R Stuart, Pros. Atty., for State; both of Toledo.